**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

SPENCER BROWN, Jr.,

      Plaintiff,

v.                                                  Case No. 2:20-cv-02893-MSN-tmp

SHELBY COUNTY JAIL ET AL.,

      Defendants.

---

**ORDER MODIFYING THE DOCKET;
ORDER DISMISSING THE COMPLAINT IN PART & PROCEEDING IT IN PART
(ECF NO. 1);
ORDER GRANTING LEAVE TO AMEND;
AND ORDERING ISSUANCE OF PROCESS**

---

On December 10, 2020, Plaintiff Spencer Brown, Jr., who is incarcerated under booking number 18121111 at the Shelby County Criminal Justice Center ("the Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 and 2.) On December 17, 2020, the Court granted him leave to proceed *in forma pauperis*. (ECF No. 5.)

Plaintiff alleges use of excessive force against him on April 8, 2019, while he was a pretrial detainee in the Jail. (ECF No. 1 at PageID 2; ECF No. 1-1 at PageID 4.) He names as Defendants: (1) Shelby County Jail; (2) C. Scott, an officer at the Jail; (3) L. Elliott, an officer at the Jail; (4) M. Luellen, an officer at the Jail; and (5) "et al." (ECF No. 1 at PageID 1–2.) He seeks "compensat[ion] for physical injuries" and reprimand of the individual Defendants. (*Id*. at PageID 3.) The Clerk shall modify the docket to add (1) Shelby County and (2) Correctional Officer Jeffries as Defendants.

## I.      LEGAL STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612–13 (6th Cir.

2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Plaintiff filed his complaint, (ECF No. 1), pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Plaintiff's complaint fails to state a claim for which relief may be granted, for the reasons explained below.

## II. DISCUSSION

### A. Official Capacity Claims; Claims Against Shelby County; Claims Against The Jail

Brown does not specify whether he sues Defendants in their official or individual capacities. (ECF No. 1.) However, the Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). As such, to the extent Brown asserts official capacity claims against Scott, Elliott, Luellen, and Jeffries (collectively, the

"Individual Defendants"), Plaintiff's allegations are construed as claims against the Individual Defendants' employer— *i.e.*, Shelby County.[1]  The complaint, however, does not state a valid § 1983 claim against Shelby County.

When a plaintiff asserts a § 1983 claim against a municipality or county, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  A local government such as a municipality or county "cannot be held liable solely because it employs a tortfeasor— or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).  A municipality is not responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691–92; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112,

---

1. The complaint's factual allegations describe events during Plaintiff's confinement at the Jail.  (*See* ECF No. 1 at PageID 2.)  The record thus suggests that the Individual Defendants were employees of the Jail at the relevant times.

138 (1988) (Brennan, J., concurring) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986)).

Brown does not describe any Shelby County policy or custom, much less one that is unconstitutional or pursuant to which Defendants acted. That is, Brown does not contend that he suffered his alleged "physical injuries[,] nightmares[,] lifelong mental tr[a]uma[,] and … insomnia" because of an unconstitutional policy or custom issued by Shelby County's legislative body. (*See* ECF No. 1 at PageID 3; ECF No. 1-1 at PageID 4.) Thus, Brown does not plead a claim to relief against Shelby County or against the Individual Defendants in their official capacities

In addition, "the Shelby County Jail is not an entity subject to suit under § 1983." *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). Therefore, Brown also does not state a cognizable § 1983 claim against the Jail.

## B. Individual Capacity Claims Against The Individual Defendants For Excessive Force

On April 8, 2019, Jail staff informed Brown they were relocating him to a different cell. Plaintiff told Officer Jones that he was incompatible with the inmates housed there. (ECF No. 1-1 at PageID 4 ("I was scared and also feared for my life"); ECF No. 1 at PageID 2 ("[M]y life and my safety was [sic] at risk.").) "[B]ut instead of helping [Plaintiff]," Scott, Elliott, Luellen, and Jeffries "used excessive force and wrestled [Brown] to the ground." (ECF No. 1 at PageID 2; ECF No. 1-1 at PageID 4.) Elliott put his knee to Brown's neck, while Scott instructed Luellen to deploy chemical spray. Luellen complied, deploying an entire can of freeze plus spray into Brown's mouth "and everywhere else that was visible." (ECF No. 1-1 at PageID 4.) Once the Individual Defendants realized that Brown "wasn't putting up a fight," Elliott removed his knee from Plaintiff's neck and applied pressure to his arm. Brown "lost all feeling" in it. (*Id.*) Brown

was taken to the Jail's medical office for "a basic examination," although he believes his arm was dislocated. (*Id.*) Defendants refused Brown's requests for transport to an outside facility for an x-ray. (*Id.*) Brown grieved the April 8, 2019 incident to "no avail." (ECF No. 1 at PageID 2; *see also* ECF No. 1-1 at PageID 5–8.)

Brown's allegations against Scott, Elliott, Luellen, and Jeffries in their individual capacities amount to a claim of excessive force. Because Plaintiff was a pretrial detainee at the time of this incident, (see ECF No. 1-1 at PageID 4), the Court analyzes his excessive force claim under the Fourteenth Amendment's standard of objective reasonableness. This standard "turns on the 'facts and circumstances of each particular case.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Under the objective reasonableness inquiry, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). Applying this standard requires consideration of these factors:

> [T]he relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 576 U.S. at 397. This non-exhaustive list reveals some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.* The Court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. Although prison officials have a right to use physical force to compel obedience by inmates, *see, e.g., Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992), that right is not unlimited.

6

At this screening stage, the Court accepts Plaintiff's allegations as true.  While Brown does not particularly describe the manner in which Defendants "wrestled [him] to the ground," (ECF No. 1-1 at PageID 4), his allegations at least plausibly suggest it was not just minor force.  For example, Luellen's discharge of an entire can of freeze spray upon Brown, including into his mouth, suggests that the officers' actions amounted to more than that reasonably necessary to compel obedience.  The complaint's allegations do not suggest that Brown provoked the officers, posed a threat or security issue at the time, or otherwise gave them reason to wrestle and spray him.  Brown was in his cell and had only voiced his personal safety concern about his upcoming relocation.

Nothing in the complaint indicates there was a need for any force at the time, let alone the amount of force alleged by Brown.  Spraying a prisoner with a chemical agent without any reason to do so amounts to unnecessary, excessive force.  *See Roberson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014) (holding that sergeant's use of a chemical agent on sleeping prisoner was excessive because "it was not necessary in order to restore order and since 'less intrusive means' could have been used" to wake prisoner); *Williams*, 631 F.3d at 384 (holding that prisoner stated a claim of excessive force based on allegations "that, when instructed to 'pack up,' he inquired, 'What for, sir?,' at which point an 'assault team' entered the cell and used a chemical agent on him"); *see also Brown v. Lewis*, 779 F.3d 401, 419 (6th Cir. 2015) ("[T]he use of violence against a subdued and non-resisting individual has been clearly established as excessive, regardless of whether the individual had been placed in handcuffs").

In addition, Plaintiff's claim of sensation loss and arm dislocation from Elliott's pressure lends a suspicious nature to the incident.  Scott's and Luellen's particular comments immediately

prior to the use of freeze spray further suggest the force was gratuitous.  (*See* ECF No. 1-1 at PageID 4.)

While short on particularized details or independent support for his allegations, Plaintiff's complaint sufficiently alleges that the use of force against him was not objectively reasonable.  For these reasons, Brown's Fourteenth Amendment excessive force claims will be allowed to proceed.

### C.  Claim Of Failure To Protect

Brown states that the Individual Defendants knew he was "in danger around certain inmates" in the area to which he was being relocated.  (ECF No 1 at PageID 2; *see also* ECF No. 1-1 at PageID 4 (Brown told Jones that "there was an ongoing issue between me and the inmate currently housed [there]").)  To the extent Brown's complaint asserts a claim for failure to protect, his claim is insufficiently alleged.

Prison officials "must 'take reasonable measures' to guarantee the safety of the inmates," and an official is liable for failure to protect "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 832–33, 847 (1994); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A plaintiff must show: (1) he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; and (2) the official knew of and disregarded an excessive risk.  *Id*. at 837–38.

Brown's complaint offers no facts setting forth the basis for such a claim.  He offers no factual allegations demonstrating he was in a substantial risk of serious harm from the relocation.  And according to the complaint, only Jones knew of Brown's purely subjective concern.  For these reasons, Brown fails to sufficiently allege a claim to relief for failure to protect.

### D.  Claims Against "Et Al"

In addition to the Jail and the Individual Defendants, Brown names "et al" as a Defendant. (ECF No. 1 at PageID 1.) In so doing, Plaintiff fails to state a claim against anyone. He may not make claims against a universe of unspecified persons who have no notice of allegations against them. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002). Plaintiff's claims in this regard are dismissed for failure to sufficiently plead a claim to relief.

## III.   AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). The Court grants Brown leave to amend certain of his claims as explained below.

## IV.   CONCLUSION

For all of the reasons explained above:

(1)   Based upon Plaintiff's failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii) and 1915A(b)(1)–(2), the Court **DISMISSES THE COMPLAINT (ECF No. 1) WITHOUT PREJUDICE** as to: (a) official capacity claims against

Scott, Elliott, Luellen, and Jeffries, (b) claims against Shelby County, (c) claims against the Jail, (d) claims of failure to protect, and (e) claims against "et al." Leave to amend the foregoing claims is **GRANTED**. Any amendment must be filed within twenty-one (21) days after the date of this order. Plaintiff is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss the above-listed claims (a) – (e) and enter judgment on them. The Court recommends that any such dismissal of those claims be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 354 (6th Cir. 2021).

(2) The complaint, (ECF No. 1), shall **PROCEED** with respect to individual capacity claims against Scott, Elliott, Luellen, and Jeffries for excessive force;

(3) The Clerk is **ORDERED** to issue process for Defendants Scott, Elliott, Luellen, and Jeffries and to deliver that process to the U.S. Marshal for service. Service shall be made on these Defendants pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

(4) It is further **ORDERED** that Brown shall serve a copy of every subsequent document he files in this case on the attorneys for the Defendants or on any Defendant personally

if he is unrepresented.  Brown shall make a certificate of service on every document he files.  He shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[2] Brown is reminded that he must promptly notify the Clerk, *in writing*, of any change of address or extended absence.  Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED, this the 16th day of September, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

2.  A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.